## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESCO INSURANCE COMPANY,

      Plaintiff,

v.

OPENTEXT CORPORATION;     Case No.
SAMUEL M. INMAN III; JOHN F.
SMITH; BERNARD M.     Hon.
GOLDSMITH; WILLIAM O.
GRABE; LAWRENCE DAVID
HANSEN; ANDREAS MAI;
JONATHAN YARON; and ENRICO
DIGIROLAMO,

      Defendants.

---

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Wesco Insurance Company ("Wesco") alleges as follows for its Declaratory Judgment Complaint against Defendants OpenText Corporation ("OpenText") and certain former directors and officers of Covisint Corporation (the "D&O Defendants"):

## NATURE OF THE ACTION

1. This is an action for a declaration that the policy Wesco issued to Covisint Corporation ("Covisint") does not afford indemnity coverage for the lawsuit captioned *Leslie Murphy v. Samuel Inman, et al.,* Case No. 17-159571,

pending in Oakland County, Michigan Circuit Court (the "*Murphy* Action"), because the damages sought in the *Murphy* Action do not constitute covered Loss under the policy.

## **PARTIES**

2.  Plaintiff Wesco is a Delaware corporation with its principal place of business in New York.

3.  Defendant OpenText is a Canadian corporation with its principal place of business in Ontario, Canada.

4.  Upon information and belief, Defendant Samuel M. Inman, III was a director, President, and Chief Executive Officer of Covisint and is an individual domiciled in California.

5.  Upon information and belief, Defendant John F. Smith was a director of Covisint and Chairman of the Board and is an individual domiciled in Michigan.

6.  Upon information and belief, Defendant Bernard M. Goldsmith was a director of Covisint and is an individual domiciled in Florida.

7.  Upon information and belief, Defendant William O. Grabe was a director of Covisint and is an individual domiciled in Connecticut.

8.  Upon information and belief, Defendant Lawrence David Hansen was a director of Covisint and is an individual domiciled in Florida.

9.     Upon information and belief, Defendant Andreas Mai was a director of Covisint and is an individual domiciled in Michigan.

10.     Upon information and belief, Defendant Jonathan Yaron was a director of Covisint and is an individual domiciled in California.

11.     Upon information and belief, Defendant Enrico Digirolamo was Chief Financial Officer of Covisint and is an individual domiciled in Michigan.

## JURISDICTION AND VENUE

12.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57 that seeks a binding declaration and such other relief as may be necessary and proper.

13.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  As shown in the above paragraphs, there is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000, exclusive of costs and interest.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants Smith and Mai are residents of Michigan and the *Murphy* Action is pending in a Michigan Circuit Court located within this District.

## GENERAL ALLEGATIONS

### The *Murphy* Action

15.    The *Murphy* Action was filed on June 30, 2017 in Michigan Circuit Court in Oakland County.

16.    A Second Amended Complaint ("*Murphy* SAC") was filed on February 17, 2023 and is the operative complaint in the *Murphy* Action.  A true and complete copy of the *Murphy* SAC is attached as **Exhibit A**.

17.    The *Murphy* Action is a putative shareholder class action brought by Leslie J. Murphy and Vincent J. Martin, III, individually and on behalf of all other similarly situated former Covisint shareholders, against the D&O Defendants for breach of fiduciary duties in connection with OpenText's acquisition of all outstanding stock of Covisint.  *Murphy* SAC ¶ 1.

18.    The *Murphy* SAC alleges that on June 5, 2017, Covisint announced that it had entered into a definitive Agreement and Plan of Merger ("Merger Agreement") whereby OpenText would acquire all of the outstanding shares of Covisint common stock and Covisint shareholders would receive $2.45 in cash ("Merger Consideration") for each outstanding share of common stock they owned.  *Id.* ¶ 3.

19.    The *Murphy* SAC asserts that Covisint's flawed sales process and the D&O Defendants' self-interested actions resulted in a grossly inadequate sale price

4

that was "fundamentally unfair" to Covisint's former public shareholders.  *Id.* ¶ 4; *see, e.g.*, ¶¶ 5, 7-8, 10, 13, 18, 42-50.

20.     The *Murphy* SAC asserts as its sole cause of action a count for breach of fiduciary duties against the D&O Defendants.  *Id.* ¶¶ 170-177.

21.     The *Murphy* SAC's sole count alleges that as a result of the D&O Defendants alleged breach of fiduciary duties, the putative class members have been "unfairly deprived . . . of the true value of their investment in Covisint."  *Id.* ¶ 172.

22.     The *Murphy* SAC further alleges that the putative class members have "suffered damages, in that they have not and will not receive fair consideration for their shares, and have been and will be prevented from obtaining a fair price for their common stock, and were unable to make an adequately informed decision concerning whether or not to vote in favor of the Merger Agreement."  *Id.* ¶ 176.

23.     The *Murphy* SAC alleges that as of the record date, there were approximately 40.9 million shares of Covisint common stock (*Id.* ¶ 166) and alleges that Covisint shareholders suffered per share damages of at least $0.05 (*Id.* ¶ 84) and up to $1.52 (*Id.* ¶ 5), placing the putative class's alleged damages in the millions.

24.     Upon information and belief, OpenText owes certain indemnification obligations to the D&O Defendants in connection with OpenText's acquisition of Covisint, including with respect to any amounts the D&O Defendants may be forced to pay in the *Murphy* Action.

**The Wesco Policy**

25.     Wesco issued claims-made Euclid Exec Insurance Policy No. EUW141897900 to Covisint with a **Policy Period** of October 31, 2016 to October 31, 2017 ("Policy").  Policy, General Declarations, Item 2.[1]  A true and complete copy of the Policy is attached as **Exhibit B**.

26.     The Policy has a per coverage element and aggregate $5 million limit of liability.  Policy, General Declarations, Item 3.

27.     The Policy includes a Directors and Officers and Public Company Liability Coverage Element ("D&O Element").  Policy, D&O Element Declarations.

28.     The D&O Element includes the Individual Insurance Coverage Insuring Agreement as Coverage A:

> The **Insurer** shall pay **Loss** of an **Individual Insured** arising from a **Claim** first made against such **Individual Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, for any actual or alleged **Wrongful Act** of such **Individual Insured**, except when and to the extent that a **Company** has indemnified the **Individual Insured** for such **Loss**.

Policy, D&O Element, § I.

29.     The D&O Element defines **Loss** in relevant part as:

> 1.     the amount that any Insured becomes legally obligated to pay in connection with any covered **Claim**, including, but not limited to:

---

[1] Terms in bold are defined in the Policy.

    (i)     judgments (including pre-judgment and post-judgment interest on any covered portion thereof) and settlements; and

    (ii)   damages, including punitive or exemplary damages and the multiple portion of multiplied damages relating to punitive or exemplary damages.  The enforceability of this subparagraph (ii) shall be governed by such applicable law that most favors coverage for such punitive, exemplary and multiple damages;

2.    **Defense Costs** which the insured is legally obligated to pay, including any plaintiffs' attorney fees as part of a covered judgment or settlement[]
. . . .

Policy, D&O Element, § II, as amended by Endorsement No. 4.

30.    However, **Loss** is defined by the D&O Element to not include, *inter alia*:

6.    any amount representing the increase in price or consideration where the **Claim** involves allegations that the price or consideration paid or offered to be paid for a merger, consolidation or acquisition of all or a majority of stock issued by or assets owned by any person or entity is inadequate or unfair . . .

*Id.*

### The Coverage Dispute

31.    The only insuring agreement in the Policy that affords any potential coverage for the *Murphy* Action is the Individual Insurance Coverage Insuring Agreement.

32.    Wesco has been paying the D&O Defendants' **Defense Expenses** in the *Murphy* Action under the Individual Insurance Coverage Insuring Agreement.

33.    By letter dated December 2, 2022, Wesco advised counsel for the D&O Defendants that Wesco was reserving its rights to deny indemnity coverage for the *Murphy* Action on several grounds, including its right to deny indemnity coverage for any settlement or judgment on the grounds that any settlement or judgment would not constitute **Loss**.

34.    Counsel for the D&O Defendants has advised Wesco that it disagrees with Wesco's coverage determination, and there is a live dispute between the parties concerning whether the Policy affords indemnity coverage for the *Murphy* Action.

**COUNT I**
**DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS THAT**
**THE POLICY DOES NOT AFFORD INDEMNITY COVERAGE HERE**

35.    Wesco repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

36.    The Policy's D&O Element Individual Insurance Coverage Insuring Agreement only affords coverage for **Loss** as defined in the Policy.  *See* Policy, D&O Element, § I.

37.    The definition of **Loss** specifically excludes, except as to **Defense Costs**, "any amount representing the increase in price or consideration where the **Claim** involves allegations that the price or consideration paid or offered to be paid

for a merger, consolidation or acquisition of all or a majority of stock issued by or assets owned by any person or entity is inadequate or unfair[] . . . ." *See* Policy, D&O Element, § II, as amended by Endorsement No. 4.

38.     The *Murphy* Action alleges that the share price OpenText paid to Covisint's shareholders to acquire Covisint's stock was "inadequate" and "unfair." *See*, *e.g.*, *Murphy* SAC ¶¶ 4-8, 13, 15, 18, 39, 45-46, 50-51, 84, 108-10, 135, 164, 172, 174.

39.     The only damages sought in the *Murphy* Action represent an increase in price or consideration for the Covisint shares owned by the putative class members. *See id.* ¶¶ 20, 172, 176.

40.     Because the only damages claimed in the *Murphy* Action are specifically excluded from the definition of **Loss** in the D&O Element, any judgment or settlement in the *Murphy* Action will not constitute **Loss**.

41.     Because of the foregoing, Wesco is entitled to a declaration that the Policy does not afford indemnity coverage for the *Murphy* Action.

## COUNT II
## RESERVATION OF RIGHTS

42.     Wesco repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     Along with seeking the declaratory judgment identified above, Wesco continues to reserve its right to deny coverage under the Policy for the *Murphy*

Action under all other provisions of the Policy and applicable law. Developments in the *Murphy* Action may render additional defenses to coverage ripe for judicial determination.

## **<u>RELIEF REQUESTED</u>**

WHEREFORE, Plaintiff Wesco Insurance Company requests the following relief:

(a)  A judgment declaring that the Policy does not afford indemnity coverage for the *Murphy* Action because the damages sought in the *Murphy* Action do not constitute **Loss**; and

(b)  Such other and further relief as this Court deems just and proper.

COLLINS EINHORN FARRELL PC

BY:   *s/ Nicole E. Wilinski*
　　　Nicole E. Wilinski (P61904)
　　　Attorney for Plaintiff
　　　4000 Town Center, 9th Floor
　　　Southfield, MI  48075
　　　(248) 355-4141
　　　nicole.wilinski@ceflawyers.com

Dated: July 27, 2023