UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESCO INSURANCE COMPANY,

        Plaintiff,

v.

OPEN TEXT CORPORATION, SAMUEL M. INMAN III, JOHN F. SMITH, BERNARD M. GOLDSMITH, WILLIAM O. GRABE, LAWRENCE DAVID HANSEN, ANDREAS MAI, JONATHAN YARON, and ENRICO DIGIROLAMO,

        Defendants.
_____/

Case No. 23-cv-11816
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) DISMISSING WITH PREJUDICE PLAINTIFF'S DECLARATORY JUDGMENT ACTION, (2) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS OR TO STAY (ECF NOS. 34, 35), AND (3) DENYING AS MOOT PROPOSED INTERVENOR'S MOTION TO INTERVENE (ECF NO. 41)</u>**

On July 27, 2023, Plaintiff Wesco Insurance Company initiated a declaratory judgment complaint against Defendants Open Text Corporation and certain former directors and officers of Covisint Corporation (the "D&O Defendants")[1] (collectively, "Defendants") pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.  (ECF No. 1.)  Wesco amended the complaint

---

[1] The D&O Defendants are Samuel M. Inman III, John F. Smith, Bernard M. Goldsmith, Andreas Mai, Jonathan Yaron, William O. Grabe, Lawrence David Hansen, and Enrico Digirolam.

1

on February 27, 2024, seeking a binding declaration that the insurance policy it issued to Covisint does not afford indemnity coverage for the lawsuit captioned *Leslie Murphy v. Samuel Inman, et al.* (the "*Murphy* Action"), which is a direct shareholder class action filed in the Michigan Circuit Court in Oakland County.[2] (ECF No. 32.)

      This matter is presently before the Court on three motions. On March 12, 2024, the D&O Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, issue a stay pending the outcome in the *Murphy* Action. (ECF Nos. 34, 36.) The motion is fully briefed. (*See also* ECF Nos. 37, 38.) On the same day, Open Text filed a motion to dismiss the declaratory judgment and amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), which has been fully briefed. (*See* ECF Nos. 35, 37, 39.) Lastly, on April 26, 2024, Allied World National Assurance Company filed a motion to intervene in this action as of right or permissively pursuant to Federal Rule of Civil Procedure 24, which has also been fully briefed. (*See* ECF Nos. 41, 43, 45, 48, 49, 50.)

---

[2] *Murphy v. Inman, et al.*, No. 17-159571-CB (Mich. Cir. Ct. Oakland Cnty.).

The Court held a telephonic status conference on the motions on December 4, 2024, *see* ECF No. 52, and finds the facts and legal arguments adequately presented in the parties' filings. Thus, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

I.      **Factual Background**

Wesco is the primary insurer in Covisint's insurance tower. (ECF No. 41 at Pg ID 1894.) Wesco issued a directors and officers and public company liability policy (the "Policy") to Covisint. (ECF No. 35 at Pg ID 788.) The Policy provided coverage to the D&O Defendants–who were, at the time, Covisint directors and officers–from October 31, 2016, to October 31, 2017, for claims made against them for any alleged wrongful acts as defined in the Policy. (*Id*.) The Policy provided, in relevant part, that

> [t]he Insurer shall pay Loss of an Individual Insured arising from a Claim first made against such Individual Insured during the Policy Period or the Extended Reporting Period, if applicable, for any actual or alleged Wrongful Act of such Individual Insured, except when and to the extent that a Company has indemnified the Individual Insured for such Loss.

(*See* ECF No. 32 at Pg ID 426.)

The Policy also stated that a "loss," other than defense costs, excluded

> any amount representing the increase in price or consideration where the Claim involves allegations that the price or consideration paid or offered to be paid for a merger, consolidation or acquisition of all or a majority of stock issued

3

> by or assets owned by any person or entity is inadequate or unfair . . . .

(*Id*. at Pg ID 427.)

In 2017, during the Policy's period, Covisint announced that it entered into a written merger agreement with Open Text, whereby Covisint was to merge with a subsidiary of Open Text and Open Text would acquire all Covisint's outstanding shares. (ECF No. 35 at Pg ID 788.) Shortly after the completion of the merger, former shareholders of Covisint filed a lawsuit (the *Murphy* Action) against the D&O Defendants for breach of their fiduciary duties. (*See* ECF No. 34 at Pg ID 634.) The *Murphy* Action plaintiffs asserted that Covisint's flawed sales process and the D&O Defendants' self-interested actions resulted in a grossly inadequate sale price that caused the shareholders millions of dollars in damages. (ECF No. 32 at Pg ID 422-23.)

As required by its Policy, Wesco paid the defense costs incurred by the D&O Defendants in the *Murphy* Action. (ECF No. 35 at Pg ID 789-90.) Wesco, however, claims that, according to the terms of the Policy, it is not required to indemnify the D&O Defendants for any judgment or settlement rendered in the *Murphy* Action and indemnification coverage is Open Text's responsibility as the purchaser of the Covisint stock. (ECF No. 37 at Pg ID 900.) Wesco therefore filed the instant declaratory action. (*See* ECF Nos. 1, 23.)

About nine months after Wesco's filing in the Court, Allied World filed a motion to intervene. (*See* ECF No. 41.) Allied World is the second insurer in Covisint's insurance tower. (*Id.* at Pg ID 1894.) As the first excess insurer, Allied World's excess policy would be invoked to provide coverage for any settlement or judgment in the *Murphy* Action once Wesco exhausts its Policy limits. (*See id.*)

For some period, the dispute regarding the availability of indemnity coverage for the *Murphy* Action under Wesco's Policy impeded settlement efforts in the *Murphy* Action. (ECF No. 37 at Pg ID 891.) However, the *Murphy* action eventually settled and was dismissed in October 2024. (*See* ECF No. 50.) Prior to the adjudication of the *Murphy* Action, Wesco exhausted its Policy, precluding it from providing indemnification coverage.

**II.   Discussion**

As a general matter, the Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Sixth Circuit considers five non-exclusive factors to determine whether a court has authority to declare a party's rights. *Grand T. W. R. Co. v.*

*Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 29 F.4th 792, 796 (6th Cir. 2022).

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand T. W. R. Co.*, 746 F.2d at 326 (quotations omitted); *Cardinal Health, Inc.*, 29 F.4th at 796-97.

There is no dispute that Wesco initiated this matter solely to eliminate any uncertainty regarding its rights and obligations as to the D&O Defendants for the *Murphy* Action under its Policy. At the time of the filing, the *Murphy* Action was pending a resolution and an "ongoing actual dispute [existed] between the parties." (ECF No. 32 at Pg ID 428.) The parties disputed whether Wesco's Policy afforded indemnity coverage to the D&O Defendants in the *Murphy* Action in the event that the action settled, or the court entered an adverse judgment. (*Id.* at Pg ID 429.) As a result, Wesco turned to the Court for declaratory relief.

There is also no dispute that the *Murphy* Action has been resolved. On November 1, 2024, Allied World provided the Court with a copy of the Order and

6

Final Judgment entered by the *Murphy* Action court on October 16, 2024.  (ECF No. 50-2.)  In that Order and Final Judgment, the court

> (i) certifie[d] the *Murphy* Action as an opt-out class action; (ii) bind[ed] all class members, except those that . . . properly excluded themselves from the class; (iii) [found] the settlement fair, reasonable, adequate, and in the best interests of the Class; (iv) direct[ed] the parties to the *Murphy* Action to consummate the settlement; (v) dismisse[d] the *Murphy* Action with prejudice as to defendants, plaintiffs, and all class members; and (vi) set[] the amounts to be paid out of the settlement fund to plaintiffs and plaintiffs' counsel.

(ECF No. 50 at Pg ID 2364.)

Finally, having advised the Court via email and during the December status conference, the parties do not dispute that Wesco exhausted its limit of liability in July 2024 by paying defense costs and invoices in the *Murphy* Action and, in effect, Wesco did not contribute or provide indemnity coverage for the settlement.  (*See* ECF No. 43 at Pg ID 2138.)

In light of these facts and the considerations underlying the Court's declaratory judgment authority, the Court declines to exercise jurisdiction as judgment on Wesco's claim would be futile.  The settlement and termination of the *Murphy* Action and, most notably, exhaustion of Wesco's Policy eliminates the need for the Court to declare the rights, duties, or obligations of Wesco as to the defendants in that action.  It is well settled that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

7

outcome. *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.") (citation and quotations omitted); *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) ("[T]he question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment); *Thompson v. DeWine*, 7 F.4th 521, 524 (6th Cir. 2021) (same); *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) ("The mootness inquiry must be made at every stage of a case . . . .").

Accordingly, Wesco's claim for declaratory judgment is now moot and, as a result, Wesco's claim is dismissed, and Defendants' and Allied World's pending motions are moot.

### III. Conclusion

Wesco's exhaustion of its Policy in the underlying *Murphy* Action, which was settled and terminated, renders its claim for declaratory judgment moot, thereby dismissing this action. In effect, the Court also finds that the dismissal of this action moots the motions pending before it.

Accordingly,

**IT IS ORDERED** that Wesco's action for declaratory judgment is **MOOT**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the D&O Defendants' motion to dismiss for lack of subject matter jurisdiction or stay, ECF No. 34, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Open Text's motion to dismiss the declaratory judgment claim for lack of subject matter jurisdiction and failure to state a claim, ECF No. 35, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Allied World's motion to intervene, ECF No. 41, is **DENIED AS MOOT**.

                                                            s/ Linda V. Parker  
                                                            LINDA V. PARKER  
                                                            U.S. DISTRICT JUDGE

Dated: March 27, 2025